UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EB-BRAN PRODUCTIONS, INC.,

    Plaintiff,

v.

ROBERT J. RITCHIE, ET AL,

    Defendants.
_____/

Case No. 06-11564

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGE [11]**

This matter comes before the Court on Plaintiff's motion to recuse Judge Edmunds. The Court finds that the facts and legal arguments are adequately presented in this motion and the parties' briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(e)(2), Plaintiff's motion will be decided on the briefs and without oral argument.

Plaintiff's motion for recusal is brought pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). For the reasons stated below, Plaintiff's motion is DENIED.

**I.    Analysis**

This Court presided over two companion cases involving Plaintiff, *Ritchie v. Williams*, No. 01-71712, and *EB-Bran Productions, Inc. v. Ritchie, et al.,* No. 03-75149. Plaintiff disagrees with how the Court construed the evidence, facts and law in those cases and its rulings on the merits of Plaintiff's claims in *Ritchie* (subsequently affirmed by the Sixth Circuit Court of Appeals in *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005)) and in *EB-Bran*

*Productions, Inc. v. Ritchie, et. al.* Plaintiff also strongly disagrees with this Court's decision granting Defendants' motion for Rule 11 sanctions in the *EB-Bran v. Ritchie* case and this Court's April 13, 2006 Order in this action, issued pursuant to Federal Rule of Civil Procedure 11(c)(1)(B), requiring Plaintiff to show cause in writing why Plaintiff's attorney, law firm, and/or Plaintiff should not be sanctioned for violating Rule 11(b).[1] Accordingly, Plaintiff brings this motion for recusal, under 28 U.S.C. §§ 144, 445(b)(1) and 445(a), arguing that this Court's judicial rulings are evidence of a personal bias and prejudice against Plaintiff or, at the very least, give the appearance of impartiality.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 WL 296865, **2-3 (6th Cir. Oct. 15, 1992). *See also Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Sections 144 and 455 are construed *in pari materia*. *Youn*, 324 F.3d at 423.

As to Plaintiff's claims of actual personal bias and prejudice, it is well-established that

---

[1] That Show Cause Order requires Plaintiff to explain why the civil RICO claims asserted by Plaintiff in this case against individual and corporate Defendants who were also parties in previous lawsuits and who obtained final judgments in their favor are not barred under the doctrine of *res judicata*. It also requires Plaintiff to address how, in light of those prior final judgments, civil RICO claims can be asserted against Edward Andrews, Defendant Ritchie's manager, for communicating with Ritchie's attorneys on matters concerning that prior litigation (Pl.'s Compl. at 18) or against William Horton, defense counsel in the prior litigation, for filing a Rule 11 motion for sanctions and making an offer of settlement in that prior litigation (Pl.'s Compl. ¶¶ 50, 60-62). Finally, the Order requires Plaintiff, pursuant to Rule 11(b), to show the Court that a reasonable inquiry was conducted and that the claims "and other legal contentions" in its complaint "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law". Fed. R. Civ. P. 11(b)(2).

such bias must be extrajudicial. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (addressing a motion to recuse brought pursuant to § 455(b)(1)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn*, 324 F.3d at 423. "Extrajudicial conduct encompasses only personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal quote and citation omitted).

As the Supreme Court explained in *Liteky v. United States*, 510 U.S. 540 (1994), knowledge gained and opinions formed by a judge during court proceedings cannot support a claim of recusal for improper bias or prejudice:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed toward the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly or necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Id.* at 550-51. Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. This is because, when viewed alone, "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Rather, the challenged judicial rulings "are proper grounds for appeal, not

for recusal." *Id.*

The Court further clarified that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Despite Plaintiff's arguments to the contrary, there is no reasonable factual basis for concluding that it was impossible for the Court to make a fair judgment with regard to Plaintiff's claims. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* To show improper bias or partiality, Plaintiff must show that the challenged judicial conduct "reveal[s] an opinion that derives from an extrajudicial source. . . ." *Id.* Similar to the plaintiff in *Jamieson*, Plaintiff here makes no allegation that the Court's rulings were based on any extrajudicial activities or derived from an extrajudicial source. *Jamieson*, 427 F.3d at 405.

Moreover, as the *Liteky* Court observed, improper bias or partiality is not established by a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger . . . ." *Id.* at 555-56. "A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id.* at 556. Accordingly, Plaintiff's complaints that the Court was too stern or short-tempered either in its rulings or during court proceedings are inadequate to establish the sort of improper bias or prejudice that would require recusal. Thus, this Court rejects Plaintiff's arguments that recusal is required under 28 U.S.C. §§ 144 and 445(b)(1).

For all the reasons stated above, Plaintiff's arguments that recusal is required under

28 U.S.C. § 445(a) likewise fail. *See Liteky*, 510 U.S. at 553 (holding that the "'extrajudicial source' limitation" governs "for purposes of § 455(a) as well."). *Accord, Youn*, 324 F.3d at 423. Applying the principles set forth in *Liteky*, this Court concludes that Plaintiff has not alleged facts reasonably calling into question its impartiality. As in *Liteky*, Plaintiff's grounds for recusal consist of judicial rulings, ordinary admonishments, and routine case administration, all occurring during the course of judicial proceedings. *See Liteky*, 510 U.S. at 556. Plaintiff has not shown that the Court relied on knowledge acquired outside these court proceedings or displayed the sort of deep-seated and unequivocal antagonism that would establish that it was impossible for the Court to render a fair judgment. *Id.*

## II.  Conclusion

For the above-stated reasons, Plaintiff's motion for recusal is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 12, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager